Filed 5/27/21

**<u>CERTIFIED FOR PUBLICATION</u>**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>FRANK JOSEPH ALEO,<br><br>    Defendant and Appellant. | F080005<br><br>(Super. Ct. No. CR19002757)<br><br>**OPINION** |

APPEAL from an order of the Superior Court of Stanislaus County.  Joseph R. Distaso, Judge.

Tonja R. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Eric Christoffersen, Amanda D. Cary, and Lewis A. Martinez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

**INTRODUCTION**

A jury convicted defendant Frank Joseph Aleo of first degree murder in 1983 after he drove three companions to and from an armed robbery and burglary.  After the

passage of Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437), Aleo filed a Penal Code section 1170.95 petition for resentencing, and the superior court appointed the public defender's office to represent him. (Undesignated statutory references are to the Penal Code.) The People responded to Aleo's petition, contending Aleo was a major participant in the underlying crimes and he acted with reckless indifference to human life. Defense counsel did not file a reply, but Aleo filed one on his own behalf, arguing he did not act with reckless indifference to human life. At the hearing on the petition, defense counsel conceded Aleo did not make a prima facie case and submitted that he was a major participant. The court denied the petition without issuing an order to show cause, concluding Aleo was a major participant. Aleo now challenges the denial of his petition, and the People concede remand is necessary for the court to issue a show cause order and to hold an evidentiary hearing.

We agree with the parties, reverse the court's order denying the petition, and remand the matter for further proceedings.

### FACTUAL AND PROCEDURAL BACKGROUND

Aleo and Frank Lee Ford were charged with the murder of Dixon Flinders on June 6, 1982, during the commission of a burglary and robbery (count I). The information alleged Aleo was armed with a firearm during the commission of the murder in violation of section 12022, subdivision (a) and that Ford personally used a firearm in violation of section 12022.5. Both Aleo and Ford were also charged with feloniously and by means of force and fear taking personal property from the person, possession, and immediate presence of Sharon Pitts (count II). The information alleged Aleo was armed with a firearm during the commission of the robbery charged in count II in violation of section 12022, subdivision (a), and Ford personally used a firearm during the commission of the robbery in violation of section 12022.5. Finally, Aleo and Ford were charged with burglarizing Flinders's and Pitts's house (count III). Again, the information alleged Aleo was armed with a firearm during the commission of the burglary and Ford personally

2.

used a firearm during the commission in violation of section 12022.5.  A jury convicted Aleo and Ford of the charged counts and found true the additional allegations.[1]

In 2019, Aleo submitted a petition for resentencing pursuant to section 1170.95, using a form prepared by Re:Store Justice, a cosponsor of Senate Bill 1437.  He checked boxes stating a charging document had been filed against him allowing the prosecution to proceed under a felony-murder theory or the natural and probable consequences doctrine; at trial, he was convicted of first or second degree murder under a felony-murder theory or the natural and probable consequences doctrine; and he could not now be convicted of murder in light of changes made to sections 188 and 189, effective January 1, 2019 (pursuant to Senate Bill 1437).  He also checked a box indicating he was convicted of first degree murder but could not now be convicted because he was not the actual killer, he did not, with the intent to kill, aid, abet, counsel, command, induce, solicit, request, or assist the actual killer in the commission of murder in the first degree, and he was not a major participant in the felony or did not act with reckless indifference to human life during the course of the crime or felony.  He also checked a box stating, "I request that this court appoint counsel for me during this re-sentencing process."  The court subsequently appointed the public defender to represent Aleo.

The People responded to the petition, arguing Aleo was not entitled to relief because the facts of the case established Aleo was a major participant in the robbery and burglary who acted with reckless indifference to human life.  They also argued Senate Bill 1437 is unconstitutional.  They did not challenge Aleo's assertion the charges against him allowed the prosecution to proceed under a felony-murder theory or the natural and probable consequences doctrine.  They also did not argue Aleo was categorically ineligible for relief on any other basis, noting that a person other than Aleo was the actual killer.

---

[1]We grant Aleo's request that we take judicial notice of our prior unpublished opinion in this matter pursuant to Evidence Code sections 452, subdivision (a), and 459, subdivision (a).

3.

Aleo filed a reply in propria persona in which he denied he acted with reckless indifference to human life or that he, with the intent to kill, aided, abetted, counseled commanded, induced, solicited, requested or assisted" the actual killer in the commission of the murder. Aleo noted the People did not argue he was the actual killer. He asserted the People's response suggested he "had no participation in the murder and was 20 to 25 feet away when the actual killer committed the murder." He again requested counsel be appointed for him.

The court held a hearing on Aleo's section 1170.95 petition for resentencing. At the hearing, appointed defense counsel conceded, "[I]t appears that under the new law, they do not meet the prima facie case, and we submit that they are major participants." The court then denied the petition for resentencing, stating it found Aleo "was a major participant in the crime" and "therefore, not eligible for resentencing."

## DISCUSSION

Aleo challenges the denial of his petition for resentencing and the parties agree, as do we, the matter must be remanded for the court to issue an order to show cause and to hold an evidentiary hearing.

1.     **Senate Bill 1437 and Section 1170.95**

On September 30, 2018, the Governor signed Senate Bill 1437, which became effective on January 1, 2019. Senate Bill 1437 "amend[s] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) It amends section 188, which defines malice, and section 189, which defines the degrees of murder to address felony-murder liability, and it adds section 1170.95, providing a procedure by which those convicted of murder can seek retroactive relief if the changes in the law would affect their previously sustained convictions. (Stats. 2018, ch. 1015, §§ 2–4.)

4.

Accordingly, section 188 now provides that, "[e]xcept as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. *Malice shall not be imputed to a person based solely on his or her participation in a crime*." (§ 188, subd. (a)(3), italics added.) The change reflects the Legislature's intent that "[a] person's culpability for murder must be premised upon that person's own actions and subjective mens rea." (Stats. 2018, ch. 1015, § 1, subd. (g).)

Additionally, section 189 previously stated, "All murder … which is committed in the perpetration of, or attempt to perpetrate, arson, rape, carjacking, robbery, burglary, mayhem, kidnapping, train wrecking, or any act punishable under Section 206, 286, 288, 288a, or 289, or any murder which is perpetrated by means of discharging a firearm from a motor vehicle, intentionally at another person outside of the vehicle with the intent to inflict death, is murder of the first degree." Senate Bill 1437 amended section 189, in part, by adding subdivision (e), which provides:

> "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."

Newly enacted section 1170.95 permits those "convicted of felony murder or murder under a natural and probable consequences theory [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts …." (*Id.*, subd. (a).) An offender may file a petition under section 1170.95 where all three of the following conditions are met:

> "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine[;] [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could

5.

be convicted for first degree or second degree murder[;] [¶] [and] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a)(1)–(3).)

A trial court receiving a petition under section 1170.95 "shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section." (§ 1170.95, subd. (c).) If the petitioner has made such a showing, the trial court "shall issue an order to show cause." (*Ibid*.) The trial court must then hold a hearing "to determine whether to vacate the murder conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not been previously been [*sic*] sentenced, provided that the new sentence, if any, is not greater than the initial sentence." (§ 1170.95, subd. (d)(1).)

## 2.     Analysis

Aleo argues the court erred in dismissing his petition for resentencing instead of issuing an order to show cause because it should have accepted as true his allegations stating a prima facie case for relief. He argues, by concluding he was a major participant in the crime, the trial court engaged in a factfinding process that was not permitted unless and until an order to show cause issued. He also contends the court did not conclude he acted with reckless indifference to human life as necessary to render him ineligible for relief. He further asserts his counsel's concession at the hearing that he was a major participant violated his Sixth Amendment rights and resulted in structural error or prejudicial ineffective assistance. He contends he is entitled to a remand for a hearing on the merits of his petition because his counsel conceded his ineligibility for resentencing without his consent. Alternatively, he argues the case should be remanded based upon ineffective assistance of counsel. The People concede Aleo made a prima facie showing of eligibility for relief, the record does not indisputably establish his ineligibility, and the case should be remanded for the trial court to issue an order to show cause and to hold a hearing. They further argue, at this hearing, the People will bear the burden of proving, beyond a reasonable doubt, that Aleo was a major participant who acted with reckless

6.

indifference towards human life.  They assert it is unnecessary to consider Aleo's ineffective assistance of counsel claim.  We agree with the parties Aleo established a prima facie showing he falls within section 1170.95's provisions and is entitled to a remand for the court to issue an order to show cause and hold an evidentiary hearing at which the prosecution will bear the burden of proving, beyond a reasonable doubt, that Aleo is ineligible for resentencing.  (§ 1170.95, subd. (d)(3).)

In so holding, we note there is currently disagreement among the Courts of Appeal regarding how the court should determine whether a petitioner has made the prima facie showing required under section 1170.95, subdivision (c) and what the petitioner's prima facie burden is under section 1170.95, subdivision (a)(3) to show "'he could not be convicted of first or second degree murder because of changes to Section 188 or 189'" enacted by Senate Bill 1437.[2]  (*People v. DeHuff* (2021) 63 Cal.App.5th 428, 438–442 (*DeHuff*); *People v. Rivera* (2021) 62 Cal.App.5th 217, 229–230; *People v. Duchine* (2021) 60 Cal.App.5th 798, 811–814 (*Duchine*).)  In *People v. Drayton* (2020) 47 Cal.App.5th 965 (*Drayton*), the Sixth District Court of Appeal described the procedure for assessing whether a prima facie showing has been made as comporting with that of a habeas corpus proceeding:

> "[W]hen assessing the prima facie showing, the trial court should assume all facts stated in the section 1170.95 petition are true.  [Citation.]  The trial court should not evaluate the credibility of the petition's assertions, but it need not credit factual assertions that are untrue as a matter of law—for example, a petitioner's assertion that a particular conviction is eligible for relief where the crime is not listed in subdivision (a) of section 1170.95 as eligible for resentencing.  Just as in habeas corpus, if the record 'contain[s] facts refuting the allegations made in the petition … the court is justified in making a credibility determination adverse to the petitioner.'  [Citation.]  However, this authority to make determinations without conducting an evidentiary hearing pursuant to section 1170.95, subdivision (d) is limited

---

[2]Whether a trial court may consider the record of conviction in determining if a prima facie showing of eligibility of relief under section 1170.95 has been made by a petitioner is currently pending before the California Supreme Court in *People v. Lewis* (2020) 43 Cal.App.5th 1128, review granted March 18, 2020, S260598.

to readily ascertainable facts from the record (such as the crime of conviction), rather than factfinding involving the weighing of evidence or the exercise of discretion (such as determining whether the petitioner showed reckless indifference to human life in the commission of the crime). [¶] If, accepting the facts asserted in the petition as true, the petitioner would be entitled to relief because he or she has met the requirements of section 1170.95(a), then the trial court should issue an order to show cause." (*Drayton*, *supra*, at pp. 980–981; accord, *Duchine*, *supra*, at pp. 811–812.)

The majority of the Courts of Appeal to consider the question have agreed with *Drayton*. (*People v. Tarkington* (2020) 49 Cal.App.5th 892, 898, review granted Aug. 12, 2020, S263219; *People v. Nguyen* (2020) 53 Cal.App.5th 1154, 1165–1166; *People v. Perez* (2020) 54 Cal.App.5th 896, 903–904, review granted Dec. 9, 2020, S265254; *Duchine*, *supra*, 60 Cal.App.5th at pp. 813–815; *People v. Harris* (2021) 60 Cal.App.5th 939, 958, review granted Apr. 28, 2021, S267802; *People v. Rivera*, *supra*, 62 Cal.App.5th at p. 230; *DeHuff*, *supra*, 63 Cal.App.5th at pp. 439–442.)

On the other hand, in *People v. Garcia* (2020) 57 Cal.App.5th 100, review granted February 10, 2021, S265692 (*Garcia*), Division Six of the Second District Court of Appeal held that when determining if a petitioner has made a prima facie showing of eligibility for relief, the trial court should determine whether substantial evidence supports the conclusion the petitioner *could* still be convicted of murder following the amendments to sections 188 and 189. (*Garcia*, at pp. 114–115, 118; *DeHuff*, *supra*, 63 Cal.App.5th at p. 439.) Put differently, the *Garcia* court "interpreted section 1170.95's eligibility requirement in subdivision (a)(3) that the petitioner make a prima facie showing he or she 'could not be convicted of first or second degree murder because of changes' wrought by Senate Bill 1437 as importing a 'substantial evidence' standard and as requiring a court to deny a petition if it concludes substantial evidence exists in the record on which a jury could have based a murder conviction on a valid theory had it been instructed on that theory." (*Duchine*, *supra*, 60 Cal.App.5th at p. 812; accord, *Garcia*, *supra*, at pp. 116–118.)

The *Garcia* court explained: "Section 1170.95 clearly and unambiguously requires a prima facie showing that the petitioner '*could not* be convicted of … second degree murder because of changes to Section 188 ….' (*Id.*, subd. (a)(3), italics added.) 'Could' is 'used … as an alternative to *can* suggesting less force or certainty.' (Webster's 3d New Internat. Dict. (1981) p. 517.)" (*Garcia*, *supra*, 57 Cal.App.5th at p. 114, review granted.) Thus, while under *Drayton* a petitioner who "asserts he [or she] lacked the requisite intent or did not act in a manner that would make him [or her] liable under still-valid murder theories" has made a sufficient prima facie showing "unless the record of conviction refutes those assertions *as a matter of law*," under *Garcia* such assertions are insufficient if there is substantial evidence in the record to support the petitioner's guilt of murder under a still-valid theory. (*Duchine*, *supra*, 60 Cal.App.5th at pp. 812–813.)

The parties do not dispute that *Drayton* states the appropriate standard; we agree. As our sister court reasoned in *Duchine*:

> "In view of the ameliorative purposes of Senate Bill 1437, the Legislature's stated concerns about proportionality, fairness and excessive punishment, and its adoption of a trial court proceeding at which new evidence may be submitted and a criminal trial burden of proof beyond a reasonable doubt is applied, we cannot agree with cases like *Garcia* that interpret section 1170.95 to allow the trial court at the prima facie stage to resolve disputed facts or to answer only the question whether the existing record precludes a conviction on a murder theory that was never tried. By allowing new evidence and providing for an evidentiary hearing, the Legislature plainly intended that the issues concerning whether the defendant was guilty under theories of murder not previously or necessarily decided would be resolved anew, through a factfinding process affording a degree of due process to the petitioner.
>
> "The standard adopted by *Garcia*, in which the trial court focuses on the state of the existing record and applies an appellate review substantial evidence standard, makes little sense in this context. If it had intended the process to be substantial evidence review of the existing record, the Legislature could simply have provided an appellate remedy, such as direct appeal for nonfinal convictions and habeas corpus for final convictions. This is not what it did. Instead, the Legislature imposed the burden of

9.

proof on the prosecution, at the resentencing hearing. The interpretation adopted by *Garcia* would mean the prosecution's burden would be to prove 'beyond a reasonable doubt' that 'substantial evidence' exists, which by itself borders on incomprehensible. The court would then employ these two widely divergent standards in a combined (and backwards) fashion to determine, as *Garcia* suggests, whether a jury *hypothetically could have found* a defendant guilty under a permissible theory had it addressed the issue. In short, the idea that the prosecution must prove beyond a reasonable doubt that there is substantial evidence in a prior record to support a hypothetical finding of guilt on a theory of murder that may never have been presented to a jury is beyond that border." (*Duchine*, *supra*, 60 Cal.App.5th at pp. 813–814, fn. omitted; accord, *DeHuff*, *supra*, 63 Cal.App.5th at pp. 441–442.)

Here, it is also undisputed by the parties that under this standard, Aleo established a prima facie showing he is entitled to relief such that the court was required to issue an order to show cause. (§ 1170.95, subd. (c).) Again, we agree. As required, Aleo's petition alleged a complaint, information, or indictment was filed against him that allowed the prosecution to proceed under a theory of felony-murder or murder under the natural and probable consequences doctrine; he was convicted of first or second degree murder following a trial; and he could not be convicted of first or second degree murder because of changes to section 188 or 189 made effective January 1, 2019. (§ 1170.95, subd. (a).) And the parties do not argue, nor does the record before us conclusively establish, Aleo was ineligible for relief as a matter of law. Indeed, even if we were to accept as true defense counsel's concession Aleo was a major participant in the crime, the court also had to conclude Aleo acted with reckless indifference to human life to render him categorically ineligible for relief. (§ 189, subd. (e)(3).) The record does not reflect the court made this requisite determination or that such a conclusion is supported by the record as a matter of law. Rather, Aleo denied he acted with reckless indifference to human life and the record of conviction does not conclusively establish he acted with the requisite intent. Thus, our review of the record comports with the parties' representations; that is, Aleo established a prima facie showing he is entitled to relief and the record did not rebut Aleo's allegations as a matter of law. Accordingly, the court was

10.

required to issue an order to show cause and hold a hearing during which the prosecution bears the burden of proving, beyond a reasonable doubt, that Aleo is ineligible for resentencing.

Accordingly, we reverse the court's order denying the petition and remand for further proceedings.[3]

## DISPOSITION

The court's order denying the section 1170.95 petition is reversed. The court is directed to issue an order to show cause and to hold a hearing during which the prosecution will bear the burden of proving, beyond a reasonable doubt, that Aleo is ineligible for resentencing.

PEÑA, J.

WE CONCUR:


HILL, P.J.


DETJEN, J.

---

[3]Because we remand on other grounds, we do not address Aleo's ineffective assistance of counsel claim.

11.